# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Mr. Sandless Franchise, LLC**<br>2970 Concord Road<br>Aston, PA  19014<br><div align="center">**Plaintiff**</div><br><div align="center">**V.**</div><br><br>**Karen Cesaroni LLC**<br>*d/b/a* **Mr. Sandless Boston**<br>15 Prospect Street<br>Bellingham, MA  02019<br><br>and<br><br>**Karen M. Cesaroni**<br>341 Greenville Road<br>North Smithfield, RI  02896<br><br>and<br><br>**Roldo Cesaroni**<br>341 Greenville Road<br>North Smithfield, RI  02896<br><br><div align="center">**Defendants**</div> | Case No. _____ |

## COMPLAINT INCLUDING REQUEST FOR INJUNCTIVE RELIEF

Plaintiff, for its complaint against the above-named Defendants, alleges and avers as follows:

## The Parties

**1.** Plaintiff Mr. Sandless Franchise, LLC ("Mr. Sandless") is a Pennsylvania Limited Liability Company with its offices as set forth above.

2.      The first Defendant is Karen Cesaroni LLC, a Massachusetts Limited Liability Company with published business address of 15 Prospect Street, Bellingham, MA  02019.

3.      The second Defendant Karen M. Cesaroni, an adult individual and the owner of and contractual guarantor for the first Defendant, has a place of business as the first Defendant and has a residential address of 341 Greenville Road, North Smithfield, RI  02896.

4.      The third Defendant Roldo Cesaroni, an adult individual, the husband of the second Defendant, and the individual selected by the first Defendant to provide services to the public and operate the franchise, has a place of business with the first Defendant and a residential address of 341 Greenville Road, North Smithfield, RI 02896.

5.      Defendant Karen Cesaroni LLC, individual Defendant Karen M. Cesaroni and Defendant Roldo Cesaroni (the "Defendants" or "Cesaroni") do now or until recently, trade under **_Mr. Sandless_**® (the "Mark") and use the fictitious name "Mr. Sandless Boston," including but not limited to, various formatives of said name.  On information and belief, all Defendants presently continue to trade under Plaintiff's marks and trade dress and/or use the customer goodwill belonging exclusively to the Plaintiff.

**Jurisdiction and Venue**

**6.**      This Court has jurisdiction as this action arises between citizens of different states and in addition to the injunctive relief requested, the damages claimed in this action is reasonably anticipated to exceed seventy-five thousand ($75,000.00) dollars, and claims injunctive relief for enforcement of covenants and separately under the Federal Lanham Act for trademark infringement or related claims are presented herewith.

**7.**      Venue in this judicial district is proper as the Parties have agreed contractually to both the jurisdiction of this Court and that actions on any matter not subject to arbitration of the Agreements between the Parties be brought exclusively in this venue.

**8.**      In addition, venue in this judicial district is also proper as the harm from Defendant's activities substantially affects the Plaintiff in its national office in this district and the Agreements between the Parties were formed and entered into in this district.

**Nature of the Case**

**9.**      Plaintiff seeks injunctive relief, damages, attorneys' fees, and costs against the Defendant for service mark infringement under 15 U.S.C. § 1114(1)(a) and (b); false designation of origin and/or sponsorship under 15 U.S.C. 1125(a); dilution under 15 U.S.C. § 1125(c); common law palming off, trademark and trade name

infringement, and unfair competition; and in connection with Defendants' breach of a franchise agreement with the Plaintiff, violation of restrictive competition covenants and use of restricted proprietary information, trade secrets and unfair competition, and other relief enforcing Plaintiff's rights regarding proprietary and trade secret methods and materials which the Defendant is using contrary to Plaintiff's rights to restrict Defendant.

## Factual Allegations Common to All Counts

10.    Plaintiff is presently the exclusive licensee of U.S. service mark registration No. 2,970,433, to wit, **Mr. Sandless®** (the "Mark") used in connection with services including wood floor refinishing.

11.    The Plaintiff has developed and markets exclusively (through authorized franchisees) proprietary products and methods of reconditioning wood floor (the "System").

12.    The Plaintiff, as exclusive franchise licensee of the trademark and owner of the methods franchised to Defendant, has been serving customers and members of the general consuming public under the Mark since at least as early as April of 2004.

13.    Defendant Cesaroni, at one time, both individually and through the wholly owned limited liability company, was a licensed franchisee and user of the Mark and the System, including all associated proprietary methods and products licensed under

franchise rights granted to her by the Plaintiff by a franchise agreement (the "Agreement"), effective date of on or about January 23, 2012, a true and correct copy of the Agreement is attached hereto and incorporated by reference as **Exhibit 1**.

14.     On or about November 17, 2018, Cesaroni was advised in writing with a notice of default that both her company and she was in default of their franchise agreement with the Plaintiff.

15.     Explanations of default were included in said Notice of Default so that Defendant Cesaroni could cure such default and bring her operations in contractual compliance as required to avoid termination or being declared in default.

16.     On or about November 26, 2018, for good cause shown and failure of the Defendant to cure defaults, Defendant was terminated as a Mr. Sandless franchisee, said termination including cancellation of any and all licensing and other rights which may have been granted by the Agreement, thereby including cancellation of any right to use trade secrets and all proprietary methods as detailed in the franchise agreement.  A true and correct copy of the Notice of Termination is attached hereto as **Exhibit 2.**

17.     The said franchise agreement breached by Cesaroni now requires Cesaroni to pay specified damages to the Plaintiff for breach of the franchise agreement as provided by the terms of the agreement (**Exhibit 1**).

18.     Given Plaintiff's due diligence and investigation of Defendants' business operations and reporting as required, Plaintiff, through information and belief, determined that Defendants were substantially and materially under-reporting fees collected by them from Mr. Sandless customers over a substantial period of time and were surreptitiously providing services outside Defendants' authorized territory leading to termination of any and all franchise rights held by Defendants.

19.     Defendants have failed to provide information reasonably requested by Plaintiff, nor access to the books and records necessary to determine the true amount of work performed by Defendants under the Mr. Sandless system but purposely concealed and hidden from Plaintiff by Defendants so as to defraud the Plaintiff out of service fees reasonably due.

20.     On information and belief, Defendants have fabricated customer names and set up a scheme of false reporting to the Plaintiff such as to draw attention away from Defendants' actions and under reporting or non-reporting of services performed under the Mark in an effort to avoid payments otherwise due to the Plaintiff and further converting customer fees belonging to other franchisees on behalf of which Plaintiff must recover and compensate such other franchisees.

21.     Cesaroni, during and after termination of Cesaroni's franchise rights which include use of the Plaintiff's proprietary System, continues to operate a similar if not

identical floor service to the public and advertises her services to the public still using resources of the Plaintiff in a variety of ways, including using Plaintiff's trade dress, the phone numbers used by Defendant in providing the services of Mr. Sandless, use of similar decals and trade dress on a service truck used before and after the said termination and the like through its network of commercial accounts that were and remain under the sole control of the Defendant.

22.     Defendant Cesaroni is competing with the Plaintiff contrary to Defendants' legal obligations with Mr. Sandless and has avoided paying such fees and expenses a legitimate franchisee would be obligated to pay for such territory.

23.     Cesaroni, in violation of its agreement, continues to operate a competing business as set forth above and still using the Mr. Sandless trademark and associated trade dress as well as Mr. Sandless phone numbers, print advertising and the like.

24.     Both Karen and Roldo Cesaroni has and continues to compete with Mr. Sandless using the System, including all of the proprietary materials, techniques, products and procedures taught to them as a franchisee of Mr. Sandless and which they have an obligation not to use for their own purposes.

25.     Cesaroni continues to violate the restrictive covenants of the franchise agreement competing against Mr. Sandless by refusing to honor her contractual

obligations and engaging in prohibitive competitive services without any approval by the Plaintiff.

## COUNT I

### Federal Service Mark Infringement
### Under 15 U.S.C. §1114(1)(a) and(b)

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25 above as though fully set forth.

27.     Plaintiff is the licensee of the Mark and specifically asserts exclusive right of use and right to license franchisees under the Mark *Mr. Sandless®*.

28.     Plaintiff and Plaintiff's predecessors-in-interest first used the *Mr. Sandless®* Mark in connection with floor refinishing services at least as early as April 1, 2004 and has continued and expanded use thereof up to the present.

29.     Since long prior to the acts complained of herein, members of the general consumer population in the United States have recognized the Mark *Mr. Sandless®* as an exclusive source identifier for floor refinishing services, originating from Plaintiff and/or Plaintiff's affiliates and successors.

30.     The registered service mark identified above is valid and subsisting and

remain in full force and effect as evidence of the validity thereof and Plaintiff's ownership of the Mark in connection with the services specified in the registration.

31.  As a result of the long period of use and extensive advertisement and sale of goods and services under the *Mr. Sandless*® Mark, members of the general consumer population in the United States (and across the world) recognize the Mark *Mr. Sandless*® as exclusive source identifiers for Plaintiff's services delivered by the Plaintiff directly to customers and/or through Plaintiff's authorized franchisees.

32.  As a result of the long period of use and extensive advertisement and sale of services under the *Mr. Sandless*® Mark, members of the general consumer population in the United States (and across the world) recognize the Mark when used in connection with quality floor refinishing services as an exclusive source identifier for such services originating from Plaintiff or Plaintiff's authorized franchisees.

33.  Defendants' use of the *Mr. Sandless*® Mark, including individual Defendants Karen and Roldo Cesaroni, in interstate commerce in connection with floor refinishing services, including the promotion of such products in advertisements in print and on the world wide web, is causing and will continue to cause a likelihood of confusion, mistake, and deception with respect to: (a) the source and origin of the services offered by Defendants; (b) the affiliation, connection, and association of Plaintiff with Defendants; and (c) Plaintiff's sponsorship, approval, and/or control of the

services offered under Defendants' *Mr. Sandless*® Mark, all in violation of the Lanham Act, 15 U.S.C. § 1114(1)(a) and (b).

34.     On information and belief, Defendants are now committing the acts complained of above, have continued to do so in defiance of Plaintiff's demand that they cease such acts, and threaten to continue such conduct.

35.     On information and belief, Defendants' acts of service mark infringement in violation of the Lanham Act have caused financial injury and damages to Plaintiff and have been willful, making this an exceptional case within the meaning of the Lanham Act, 15 U.S.C. §1117, thereby entitling Plaintiff to damages, attorneys' fees, and costs.

36.     Defendants' acts and conduct constitute federal service mark infringement that has caused and, unless restrained and enjoined by this Court, will continue to cause a likelihood of consumer confusion, mistake, and deception.

37.     Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## COUNT II

## <u>Unfair Competition by False Designation of</u>

## Origin by Trade Name and Service Mark Infringement
## Under 15 U.S.C. §1125(a)

**38.** Plaintiff realleges and incorporates by reference paragraphs 1 through 37 above as though fully set forth.

**39.** On information and belief, Defendants are using the *Mr. Sandless* ® Mark in connection with floor refinishing services.

**40.** On information and belief, Defendants offer floor refinishing services under the *Mr. Sandless*® Mark and using the Plaintiff's goodwill through print advertising and web sites owned and/or leased by and/or maintained by Defendants, advertising as an authorized *Mr. Sandless*® dealer.

**41.** On information and belief, Defendant offers products and services under the *Mr. Sandless*® Mark from their establishment in Massachusetts.

**42.** On information and belief, Defendants use the *Mr. Sandless*® Mark in commerce, which use has been done with the deliberate intent of capitalizing and trading on the goodwill and reputation of Plaintiff.

**43.** The use in commerce of the *Mr. Sandless*® Mark and the associated *Mr. Sandless*® advertising in print media and on the world wide web by Defendants will

tend to cause and, upon information and belief, has caused the relevant public and trade to believe erroneously that Defendants' services are associated, authorized, or sponsored or controlled by Plaintiff.

44.     Defendants' use in commerce of the ***Mr. Sandless®*** Mark in connection with floor refinishing services and the name ***Mr. Sandless***® in connection with web sites for the sale of floor refinishing services, constitutes a false designation of the origin and/or sponsorship of such services and falsely describes and represents such services.

45.     By the acts as alleged herein, Defendants have falsely designated and represented services sold in commerce in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a), and has otherwise used the goodwill of Plaintiff to sell Defendants' own services and has otherwise competed unfairly with Plaintiff.

46.     On information and belief, Defendants are now committing the acts complained of above, have continued to do so in defiance of Plaintiff's demand that they cease such acts, and threatens to continue such conduct.

47.     Defendants, after due notice, have displayed a willful course of conduct toward appropriation and destruction of Plaintiff's rights in and to the ***Mr. Sandless®*** Mark.

48.     Defendants' wrongful acts and conduct as alleged herein has permitted or will permit it to generate substantial sales and profits on the strength of Plaintiff's substantial advertising, sales, consumer recognition, and goodwill in connection with the *Mr. Sandless*® name and Mark.

49.     As a result of Defendants' wrongful acts alleged herein, Plaintiff has suffered and will continue to suffer monetary damage in an amount not thus far determined.

50.     Defendants' acts and conduct constitute unfair competition that has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff's goodwill and business reputation.

51.     Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## COUNT III

### Trade Name or Service Mark Dilution
### in Violation of 15 U.S.C. § 1125(c)(1)

52.     Plaintiff realleges and incorporates by reference paragraphs 1 through 51 above as though fully set forth.

53.     Plaintiff's *Mr. Sandless®*  trade name and service marks were used in commerce long before Defendants' adoption and use of *Mr. Sandless®* in connection with floor refinishing services.

54.     Plaintiff's *Mr. Sandless®* trade name and service marks have become famous due to long, extensive, continuous and exclusive use by Plaintiff in connection with the services, including such fame occurring long before Defendants' adoption and use of *Mr. Sandless®* in connection with floor refinishing services.

55.     Plaintiff's *Mr. Sandless®* trade name and service marks are recognized and famous in the same and/or similar trade areas and channels of trade as Defendants' use and promotion of *Mr. Sandless®*.

56.     On information and belief, Defendants' unauthorized use of the *Mr. Sandless®* Mark has lessened the capacity of Plaintiff's famous trade name and service mark *Mr. Sandless®* to identify and distinguish the services of Plaintiff.

57.     Defendants' acts and conduct as alleged herein have tarnished the reputation and recognition of Plaintiff"s famous *Mr. Sandless®* Mark.

58.     Plaintiff has no adequate remedy at law and is being irreparably damaged by dilution of its famous Mark, in violation of 15 U.S.C. § 1125(c).

## COUNT IV

### Injury to Business Reputation and
### Dilution in Violation of 54 Pa. Cons. Stat. Ann. § 1125

59.     Plaintiff realleges and incorporates by reference paragraphs 1 through 58 above as though fully set forth.

60.     Plaintiff is the owner of a Mark that is distinctive and famous in the State of Pennsylvania (and many other states), though Pennsylvania law applies to this matter as per the Agreement of the Parties and separately by operation of law.

61.     On information and belief, Defendants have used and continue to use the famous *Mr. Sandless*® Mark and/or Plaintiff's trade dress and associated goodwill after the Mark became famous, such use dilutes the distinctive quality of Plaintiff's Mark.

62.     On information and belief, Defendants' actions described herein were taken and continue to be taken with full knowledge that such actions would and do dilute the *Mr. Sandless*® Mark, and with the intention to cause dilution of the Mark.

63.     As a result of the actions described herein, Defendants have caused, and unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill

and business reputation.

64.      Plaintiff is being irreparably damaged by Defendants' acts in violation of

54 Pa. Cons. Stat. Ann. § 1125 and such laws of other states in which Defendants are

using the Mark.

## COUNT V

### Common Law Unfair Competition, Palming Off, Trade Name and Trademark Infringement

65.      Plaintiff realleges and incorporates by reference paragraphs 1 through 64

above.

66.      Defendants' actions and conduct as alleged herein constitute palming off

its services as Plaintiff's services offered under the famous *Mr. Sandless*® Mark.

67.      Such actions and conduct by Defendants constitutes unfair competition

under Pennsylvania common law and the laws of other states wherein the Defendants

are using the Mark.

68.      Defendants' actions and conduct in adopting and using the *Mr.*

*Sandless*® Mark in Pennsylvania constitutes trademark infringement under

Pennsylvania common law and similar laws of other states wherein the Defendants are

using the Mark.

69.     Defendants have caused and, unless restrained and enjoined by this Court, will continue to cause, irreparable harm, damage, and injury to Plaintiff, including but not limited to injury to Plaintiff's goodwill and business reputation.

70.     Plaintiff has no adequate remedy at law and Plaintiff is being irreparably damaged by Defendants' acts in violation of state common law.

## COUNT VI
## Breach of Contract
## Covenants Not to Compete

71.     Plaintiff realleges and incorporates by reference paragraphs 1 through 70 above as though fully set forth.

72.     Plaintiff is the licensee of the Mark and specifically asserts exclusive right of use and right to license franchisees under the System used with the Mark *Mr. Sandless®*.

73.     On information and belief, Defendants are now committing or at all times relevant hereto did commit the acts complained of above, each individual Defendant competing with the Plaintiff by servicing floors, and have continued to do so in defiance of Plaintiff's demand that it cease such acts, and threatens to continue such conduct.

**74.**   Defendant's agreement with Plaintiff requires in part:

*Section 2.1  Designated Territory*:  You may offer or sell products or services to customers located outside of and adjacent to your Designated Territory if the customer is located in an area that is not serviced by another System franchisee, and you have received prior written approval from us, which approval may be granted or denied at our sole discretion.

*Section 9.4  Compliance with Mr. Sandless' Policies and Procedures:*   You shall operate your Business in strict compliance with this Agreement and Mr. Sandless' standards, specifications, policies and procedures as set forth the Operations Manual, as it may be amended from time to time or otherwise in writing.

*Section 9.12 Collection of Data*:   You shall collect and maintain such data relating to the business as Mr. Sandless may require from time to time, including but not limited to, the names, addresses and purchase history of all customers. You shall provide such data to Mr. Sandless in the form Mr. Sandless specifies.

*18.2.  After the Term of This Agreement.*
*18.2.1*  For a period of 2 years after the expiration and nonrenewal, transfer or termination of this Agreement, regardless of the cause, neither you, your principals, nor any member of the immediate family of you or your principals may, directly or indirectly, for themselves or through, on behalf of, or in conjunction with any other person, partnership or corporation enter into any business competing in whole or in part with Mr. Sandless granting franchises or licenses.

*18.2.2.*  For a period of 2 years afer the expiration, transfer or termination of this Agreement, regardless of the cause, neither you, your principals, nor any member of the immediate family of you or your principals may, directly or

indirectly, for themselves or through, on behalf of, or in conjunction with any other person, partnership or corporation:

*18.2.2.1.*  Own, maintain, engage in, be employed by, or have any interest in any other business which operates or licenses sandless wood floor refinishing, wood free care, wood floor cleaning, and floor maintenance, or any other services or products similar to those offered under the System, (i) at the Business; (ii) within Designated Territory; or (iii) within a radius of 50 miles of the perimeter of (a) the Designated Territory being granted hereunder or (b) any other Mr. Sandless Designated Territory licensed by Mr. Sandless as of the date of expiration or termination of this Agreement;

or

*18.2.2.2.*  Solicit business from customers of your former Business or contact any supplier of Mr. Sandless for any competitive business purpose nor solicit any employee of Mr. Sandless, Mr. Sandless' affiliates or any other Mr. Sandless franchisee to discontinue employment.

75.     Plaintiff is entitled to damages as a result of Defendants' actions and conduct and, because such damages alone do not provide Plaintiff with an adequate remedy at law, Plaintiff is entitled to injunctive relief.

## COUNT VII

## Breach of Contract Against Karen Cesaroni LLC and Karen Cesaroni, Individual

76.     Plaintiff realleges and incorporates its paragraphs 1 through 75 above as though fully set forth.

77.     Defendant Cesaroni has breached its and her obligations and individual guarantees set forth in the franchise agreement between Plaintiff and Cesaroni, said Agreement incorporated herein as **Exhibit 1.**


78.     Cesaroni and her obligated employees or those under her control have failed to comply with or complete those requirements, promises and undertakings for which it is responsible as set forth in said Agreement for the reasons set forth in the Notice of Termination attached hereto as **Exhibit 2.**


79.     Prior to said breaches of Cesaroni enumerated above, Plaintiff has performed all services, conditions, duties and obligations it had under said Agreements with the Defendant.


80.     As a result of the breach of Defendant Cesaroni of their obligations as set forth above, the Plaintiff has been damaged and Cesaroni is in debt to the Plaintiff in an amount to be determined by discovery and trial, including but not limited to, those fees which would have been due and payable to the Plaintiff under the franchise agreements had Cesaroni not breached, and the attorneys' fees and costs provided for in the Agreements which are now accruing and all other amounts and royalties due as shall be presented as damages in a trial of this present cause.

## COUNT VIII

### Injunction for Enforcement of Covenants Not to Compete and Specific Performance of Termination Obligations of Cesaroni

81.     Plaintiff realleges and incorporates by reference paragraphs 1 through 80 above as though fully set forth.

82.     In the terms and conditions of the Agreement set forth between Plaintiff and the Defendant attached hereto as **Exhibit 1**, Defendant Cesaroni has promised to abide by certain terms and conditions upon termination, including but not limited to refraining from competition and undertaking certain other responsibilities specifically detailed in the Notice of Termination to Cesaroni attached hereto as **Exhibit 2.**

83.     Cesaroni has been provided notice of its specific requirements and obligations under the Agreements but has failed to comply with those requirements and obligations.

84.     Such failure includes, but is not limited to, failing to refrain from competition in floor refinishing services, failing to return all proprietary material to the Plaintiff as required by his Agreements, and failing to take such other steps including but not limited to, surrendering to or turning over to, or otherwise placing Plaintiff in control of all advertising, phone numbers or other sources which provide references to Mr. Sandless in conjunction with internet web sites, advertising in both print and

electronic, telephone numbers which are referred to Defendant Cesaroni or any of its current or future companies or business entities.  Defendant has been diverting business away from the Plaintiff to Defendants' business using the System, including proprietary methods and proprietary products of the Plaintiff contrary to Defendants' covenants otherwise.

85.     With respect to these items and those other items set forth above, Plaintiff has no adequate remedy at law.

86.     In all cases regarding the matters complained of herein, Cesaroni has already agreed that injunctive relief would be appropriate and necessary for the Plaintiff in order to compel compliance with those undertakings and obligations Cesaroni had promised to do upon termination of the said franchise agreement attached hereto as **Exhibit 1.**

**COUNT IX**

**Violation of Plaintiff's Trade Secret Rights Under Pennsylvania Uniform Trade Secrets Act 12 P.S. §5302 et seq.**

87.     Plaintiff realleges and incorporates by reference paragraphs 1 through 86 above as though fully set forth.

88.     In addition to any and all obligations to which Cesaroni is contractually

obligated with respect to the Plaintiff's trade secrets, proprietary methods, proprietary products and information, Defendant Cesaroni, and on information and belief, has also violated those rights provided to the Plaintiff under the Pennsylvania Trade Secrets Act and such other Uniform Trade Secret Acts as may be applicable to this matter in addition to those rights provided to the Plaintiff through the said laws stated herein.

89.     Plaintiff has been damaged by Defendants and seeks compensatory and punitive damages as well as attorneys' fees as provided by the statute as well as the Agreement between the Parties.

*WHEREFORE*, Plaintiff prays for judgment against Cesaroni and in its favor in an amount of excess of $75,000.00, and as shall be proven at the trial of this cause with respect to damages for breach of contract and enforcement of all covenants and trade secrets obligations as shall be proved at trial and as to all other claims as follows:

A.     That Defendants, their officers, directors, partners, agents, servants, employees, attorneys, confederates, affiliates, franchisees, and all persons acting for, with, by, through or under them, and any others within their control or supervision, and all others in active concert or participation with the above, be enjoined during the pendency of this action and permanently thereafter from directly or indirectly:

1.      Using the name, term, or Mark **Mr. Sandless®**, or any similar derivation of such Mark, which is likely to cause confusion in any manner in connection with the advertising or promotion of any floor refinishing services, or any other designation, trade name, or trademark, trade dress or service mark that is confusingly similar to Plaintiff's Mark.

2.      Owning, maintaining, engaging in, be employed by, lend money to, extend credit to, or have any interest in any other business offering sandless wood floor refinishing, wood care cleaning and floor maintenance, or any other services and/or products similar to those offered by Plaintiff.

3.      For a period of 2 years of this Court's order, owning, maintaining, engaging in, be employed by, or have any interest in any other business which operates or licenses sandless wood floor refinishing, wood floor cleaning, and floor maintenance, or any other services or products similar to those offered by Mr. Sandless; and

4.      Soliciting business from customers of Defendants' former floor businesses or contacting any supplier of Mr. Sandless for any competitive business purpose, nor soliciting any employee of Mr. Sandless, Mr. Sandless' affiliates or any other Mr. Sandless franchisee to discontinue employment.

**B.**     That Defendants account for all profits made by the Defendants and all damages incurred by Plaintiff as a result of Defendants' acts constituting infringement of Plaintiff's registered service mark and unfair competition in an amount not yet ascertained.

**C.**     That Plaintiff be awarded its costs, attorneys' fees and disbursements incurred in this action.

**D.**     That Defendants be ordered to discontinue their advertising for services, including their use of the ***Mr. Sandless®*** Mark, in all printed and internet advertising and to transfer any and all telephone numbers and other advertising rights to the Plaintiff as required by law and as required by the agreements between the Parties.

**E.**     That a full and complete accounting be ordered as to the Defendants' operations and an award of all income and/or sales wrongfully obtained by the Defendants be awarded to Plaintiff on behalf of Plaintiff, as well as to Plaintiff on behalf of Plaintiff's other area franchisees from which all Defendants diverted customers.

**F.**     That Plaintiff be awarded such further relief as this Court shall deem just and proper after a trial of this cause and after discovery may reveal other wrongdoing by any Defendant.

G.      That Defendant Cesaroni be ordered by injunction of this Court to comply with all covenants, restrictions and undertakings provided by the Agreement between Plaintiff and Defendant and otherwise be enjoined from utilizing any and all proprietary products and methods employed by the Plaintiff's system.

H.      That Defendant Cesaroni be found liable for monetary damages and in breach of the Mr. Sandless franchise agreements as will be provided at a trial of this cause.

Date:   March 22, 2019

Respectfully submitted,

Robert B. Famiglio, Esquire
**Attorney for Plaintiff**
PA Attorney ID #30,904
*FAMIGLIO & ASSOCIATES*
P.O. Box 1999
Media, PA 19063
Phone: 610-359-7300
Facsimile: 610-359-8580

RBFamiglio@FamiglioAssociates.com